**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01754-CMA-CBS

FORREST A. ADAMS, II

    Plaintiff,

v.

HCA-HEALTHONE, LLC, a Colorado limited liability company
    d/b/a/ MEDICAL CENTER OF AURORA;
HCA-HEALTHONE, LLC, a Colorado limited liability company
    d/b/a/ SWEDISH MEDICAL CENTER;
PORTERCARE ADVENTIST HEALTH SYSTEM, a Colorado non-profit corporation
    d/b/a LITTLETON ADVENTIST HOSPITAL;
W. RAFER LEACH, M.D., P.C., a Colorado corporation;
INJURY MANAGEMENT SERVICES, LLC, a Colorado limited liability company   d/b/a/
GUARDIAN URGENT CARE;
PROFESSIONAL AFFILIATES CO., INC., a Colorado company;
COLORADO CENTER FOR PSYCHOTHERAPY, a Colorado company;
THE BALANCED LEADERSHIP GROUP, a Colorado corporation
    d/b/a INNER CONNECTIONS YOGA & WHOLELIFE CENTER;
CHIROPRACTIC ARTS, INC., a Colorado corporation
    d/b/a/ CHIROPRACTIC ARTS CENTER;
DAVID DIFFEE, Ph.D., P.C., a Colorado corporation;
WEST DENVER ASC, LLC, a Colorado limited liability company;
ARTHROCARE CORPORATION, a Delaware corporation
    d/b/a DISCOCARE, INC.;
EDVIN MANNIKO, O.D.;
PATHOLOGY ASSOCIATES, P.C., a Colorado corporation;
JONATHAN H. WOODCOCK, M.D. AND ASSOCIATES, LLC, a Colorado limited
    liability company;
CHAMPION HEALTH ASSOCIATES, LLC, a Colorado limited liability company;
COGNITIVE REHABILITATION SPECIALISTS, LLC, a Colorado limited liability
    company;
INPATIENT CONSULTANTS OF COLORADO, P.C., a Colorado corporation;
BC SERVICES, INC., a Colorado corporation;
WAKEFIELD & ASSOCIATES, INC., a Colorado corporation;
THE LAW FUNDER, LLC, a New York limited liability company; and
UNITED STATES DEPARTMENT OF TREASURE, INTERNAL REVENUE SERVICES,
    a governmental agency

    Defendants.

**ORDER REMANDING CASE**

This matter is before the Court *sua sponte* on the Notice of Removal (Doc. # 1), filed by Defendant the United States of America.  For the following reasons, the Court determines that Defendant has failed to establish that this Court has subject matter jurisdiction over the case.  As such, the Court remands the case to the District Court, County of Denver, Colorado, for further proceedings.

## I. BACKGROUND

Plaintiff filed a Complaint for interpleader and declaratory judgment in State court on May 2, 2012, naming the numerous Defendants listed in the caption above.  (Doc. # 1-3 at 7.)  Specifically, Plaintiff requested that the court declare how much money he owes to these defendants and discharge him from further liability.  (*Id.* at 11.)  According to the Complaint, Defendant sought payment from Plaintiff for income taxes.  (*Id.* at 10.)  Defendant filed its Notice of Removal on July 6, 2012, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444.  (Doc. # 1.)

## II. LEGAL STANDARD

In every case and at every stage of a proceeding, a federal court must "satisfy itself of its own jurisdiction," even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & Ctny. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980); *see also* 28 U.S.C. § 1447(c) (court may *sua sponte* remand an action where "it appears that the district court lacks subject matter jurisdiction").

The party invoking federal jurisdiction bears the burden of proving that such jurisdiction exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  Removal

statutes are construed strictly, and any doubts about the correctness of removal are resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). "Moreover, there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

### III.  ANALYSIS

28 U.S.C. § 1442(a)(1) provides for removal to a United States District Court from a State court under the following circumstances:

> The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, [is sued] in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

As interpreted, this section only pertains to actions involving disputes over the assessment or collection of revenue. *See, e.g., Wolff v. United States,* 76 Fed. Appx. 867, 868-69 (10th Cir. 2003) (unpublished); *see also Marriage of Dyche & Beat v. United States,* No. Civ.A. 05-1116-WEB, 2005 WL 1993457, at *1 (D. Kan. Aug. 16, 2005) (unpublished). Although the United States is a party to this suit, § 1442(a)(1) does not apply because this is not an action for the assessment or collection of revenue. Plaintiff did not sue Defendant to dispute the assessment or collection of taxes but only to interplead certain monies so that all claimants, including the IRS, could make whatever claim they felt they had to the monies. Therefore, this matter cannot be removed pursuant to § 1442(a)(1).

However, Defendant also removed this case pursuant to 28 U.S.C. § 1444, which allows for the removal of "[a]ny action brought under section 2410 of this title against the United States . . . to the district court of the United States for the district and division in

which the action is pending."  Under 28 U.S.C. § 2410(a)(5), the United States waives its sovereign immunity in actions involving "interpleader or in the nature of interpleader with respect to real or personal property on which the United States has or claims a **mortgage or other lien**."  (Emphasis added.)  *See Lewis v. Hunt*, 492 F.3d 565, 57 (5th Cir. 2007); *see also Schmidt v. King*, 913 F.2d 837, 839 (10th Cir. 1990) (noting that waivers of sovereign immunity under § 2410(a) "must be read narrowly").  Moreover, § 2410(b) requires the complaint or pleading to "set forth **with particularity** the nature of the interest or lien of the United States."  28 U.S.C. § 2410(b) (emphasis added); *see also Lewis*, 492 F.3d at 572 (stating the complaint or pleading must "set forth with particularity the nature of the government's interest showing that it has or claims to have a lien or mortgage against the property that is subject of the suit "). "A noncomplying complaint does not invoke the statutory waiver of sovereign immunity and, consequently, cannot state a claim upon which relief could be granted."  *Dahn v. United States*, 127 F.3d 1249, 1251 (10th Cir. 1997).

In the instant case, Plaintiff's Complaint fails to set forth, with particularity, the nature of the government's interest.  (Doc. # 1-3 at 10 (noting merely that "the Internal Revenue Service is seeking payment for income taxes owed by the Plaintiff").)  Unfortunately, Defendant's Notice of Removal does not allege that the United States has a "mortgage or other lien" on the interplead property.  Rather, the notice simply states that Plaintiff's suit "appears to have been brought pursuant to 28 U.S.C. § 2410."[1]  (Doc. # 1 at 3.)  Such, pleading is insufficient for the Defendant to meet its burden of

---

[1]  The Court also notes that "the tax exception provision of the Declaratory Judgment Act [28 U.S.C. §§ 2201-02] prohibits declaratory judgments in matters relating to an individual's federal taxes."  *Ambort v. United States*, 392 F.3d 1138, 1140 (10th Cir. 2004).

proving that this Court has jurisdiction over this matter. Thus, removal under § 1444 and, by incorporation, § 2410 is improper.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that this case be REMANDED to the District Court, County of Denver, Colorado, for further proceedings.

DATED:  July   13  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge